Frank ORTEGA, Petitioner—Appellant,

v.

David L. RUNNELS, Warden, Respondent—Appellee.

No. 05–15852.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 26, 2006.

---

** The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Robert Beles, Oakland, CA, for Petitioner–Appellant.

Pamela K. Critchfield, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

California state prisoner Frank Ortega appeals from the district court's judgment denying his habeas petition under 28 U.S.C. § 2254. Ortega pleaded *nolo contendere* to trafficking in cocaine and conspiracy to traffic in cocaine, and was sentenced to 20 years in prison. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review *de novo* a district court's denial of habeas relief, *Beardslee v. Woodford*, 358 F.3d 560, 568 (9th Cir.2004), and we affirm.

All of Ortega's contentions before this court hinge on his allegation that the sentencing court relied on a hearsay statement of a police informant. The state-court record, however, reflects that the sentencing court did not rely on this statement. Instead, it stated that it relied solely on the weight of the other evidence

---

** This disposition is not appropriate for publication and may not be cited to or by the

against Ortega to impose the maximum term allowed under the plea agreement. Ortega has given us no reason not to take the sentencing court's statements at face value. *See* 28 U.S.C. § 2254(d)(2); *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir.1989).

The fact that the sentencing court did not rely on the informant's statement disposes of all of Ortega's contentions before this court. *See United States v. Littlesun*, 444 F.3d 1196, 1199–1200 (9th Cir.2006) (holding there is no right to confrontation at sentencing); *United States v. Amlani*, 111 F.3d 705, 710 (9th Cir.1997) (requiring a showing of prejudice to demonstrate an interference with the right to counsel); *Oxborrow*, 877 F.2d at 1400. Furthermore, we reject Ortega's contention that the district court should have held an evidentiary hearing because the record makes clear that the sentencing judge did not rely on the informant's statement. *Cf. Gonzalez v. Pliler*, 341 F.3d 897, 903 (9th Cir.2003).

**AFFIRMED.**

courts of this circuit except as provided by 9th Cir. R. 36–3.